In re **WEST COAST BAKERY FLOUR ANTITRUST LITIGATION.**

*American Bakeries Co. v. Conagra, Inc.,*
D. Nebraska, Civil Action
No. 74–0–80.

*American Bakeries Co. v. Great Western United Corp.,* D. Colorado, Civil Action
No. 74–M–237.

**No. 146.**

Judicial Panel on Multidistrict Litigation.

Oct. 17, 1974.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Western District of Washington and, with the consent of that court, assigned them to the Honorable George H. Boldt for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re West Coast Bakery Flour Antitrust Litigation, 368 F.Supp. 808 (Jud.Pan. Mult.Lit.1974). Since the above-captioned actions appeared to involve factual issues common to the previously-transferred actions, the Panel ordered the parties to show cause why these actions should not also be transferred to the Western District of Washington.

Prior to the Panel hearing, the *Conagra* action was dismissed by the

---

* Judges Murrah and Becker were unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

Nebraska court and, as a result, the question of transfer of this action under Section 1407 is now moot. Defendant Great Western United Corporation in the Colorado action, however, opposes transfer of that action. We find that the *Great Western* action raises questions of fact common to the actions previously transferred to the Western District of Washington and that its transfer to that district for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The complaint in the Colorado action contains allegations that defendant Great Western, either itself, through one of its present or former subsidiaries or successors, or both, conspired with others to unreasonably restrain trade in the sale of bakery flour in violation of the federal antitrust laws. In a complaint filed in the transferee district, Great Western is also named as a defendant and charged with participating in the same alleged conspiracy.

Defendant Great Western argues that the crucial issue in the Colorado action is whether Great Western possesses sufficient control over its former subsidiary, Colorado Milling & Elevator Company, to be imputed with any involvement in the alleged conspiracy into which the subsidiary might have entered. Defendant maintains that transfer to the Western District of Washington would unduly delay the resolution of this issue by embroiling it in the highly complex issues focusing on the alleged conspiracy itself. It is further asserted that transfer would cause unnecessary expense and would be inconvenient to the parties and witnesses since the documents and personnel of both Great Western and Colorado Milling are located in Colorado.

The complaint in the Colorado action is almost identical to the complaint filed in the transferee district in which Great Western is named as a defendant. Thus, a fortiori, a prima facie case for transfer under Section 1407 has been made. And defendant has not advanced any argument to persuade us that the statutory criteria for transfer have not been satisfied.

The question of Great Western's involvement in the alleged conspiracy is common to both actions. Plaintiff, American Bakeries, will undoubtedly pursue the same discovery against Great Western in the Colorado action with respect to this issue as that which it seeks against Great Western in the transferee district. Transfer under Section 1407, therefore, will eliminate the possibility of duplicative discovery proceedings and inconsistent pretrial determinations involving Great Western's role in this litigation. With respect to any noncommon issues, the transferee judge, of course, is vested with broad discretion to design a pretrial program allowing any discovery on those issues to proceed concurrently with the other discovery and without any unnecessary inconvenience to the parties and their witnesses.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled American Bakeries Co. v. Great Western United Corp., D. Colorado, Civil Action No. 74–M–237 be, and the same hereby is, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable George H. Boldt for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

It is further ordered that transfer of the action entitled American Bakeries Co. v. Conagra, Inc., D. Nebraska, Civil Action No. 74–0–80, under 28 U.S.C. § 1407 be, and the same hereby is, denied, because the question is moot.